JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

17-CV-3736

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Omar Rodriguez-Fuentes

**DEFENDANTS**
School District of Philadelphia
School Dist. Officer Ryan Smith

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ross Legal Practice, LLC
1500 JFK Blvd, Ste 1525
Philadelphia, PA 19102
215.587.7177

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 1983
Brief description of cause:
Civil Rights

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE: 
DOCKET NUMBER:

DATE: 8/17/17
SIGNATURE OF ATTORNEY OF RECORD: KLR III

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|

AUG 18 2017

**JCJ**

UNITED STATES DISTRICT COURT    17    3736

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 324 E. Ontario St. Philadelphia, PA 19134

Address of Defendant: 440 N. Broad Street, Ste. 313 Philadelphia, PA 19180

Place of Accident, Incident or Transaction: School Dist. of Philadelphia School
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒
RELATED CASE, IF ANY:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

**ARBITRATION CERTIFICATION**
(Check Appropriate Category)
I, Riley H. Ross III, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☒ Relief other than monetary damages is sought.

DATE: 8/7/17     Riley H. Ross III           204676
                 Attorney-at-Law              Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 8/17/17    Riley H. Ross III           204676
                 Attorney-at-Law              Attorney I.D.#

CIV. 609 (5/2012)

AUG 18 2017


JCJ

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

                                                      :    CIVIL ACTION
                    v.                                :
                                                      :    NO. 17    3736

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                         ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                              ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.                  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                                        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                           ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                              (X)

8/17/17                     /s/                            Plaintiff
_____               _____              _____
Date                      Attorney-at-law                  Attorney for

215.587.7177              215.587.0628                     rlegross@grosslegal prsctre.com
_____               _____              _____
**Telephone**             **FAX Number**                   **E-Mail Address**


(Civ. 660) 10/02

AUG 18 2017



RILEY H. ROSS III
Attorney at Law

2017 AUG 18 P 1:21

USDC-EDPA

August 18, 2017      17    3736

Clerk's Office
U.S. District Court, ED of PA
2609 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1797

     **Re:**    <u>Rodgriuez Fuentes v. The School District of Philadelphia, et al.</u>

Dear Clerk's Office:

     Please accept this true paper and .PDF copy of the Complaint in connection with the above captioned matter. Kindly disregard the earlier filed paper and .PDF version of the Complaint as the enclosed document is the version my office intended to file.

     Please feel free to reach out should you have any questions or concerns. Thank you for your attention to this matter.

     Very truly yours,

     */s/ Riley H. Ross III*

     Riley H. Ross III, Esquire

RHR/tja
Enclosure



$400

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

2017 AUG 18  P 7: 21

OMAR RODRIGUEZ FUENTES  :
324 East Ontario Street  :
Philadelphia, PA 19134  :
  :
  :       Civil Action No. 17  3736
VS.  :
  :       JURY TRIAL DEMANDED
SCHOOL DISTRICT OF THE  :
CITY OF PHILADELPHIA  :
440 North Broad Street, Suite 313  :
Philadelphia, PA 19130-4015  :
  :
and  :
  :
SCHOOL DISTRICT POLICE OFFICER SMITH,  :
BADGE No. 2712  :
Individually and as a police officer for  :
the School District of Philadelphia,  :
440 North Broad Street, Suite 313  :
Philadelphia, PA 19130-4015  :

## COMPLAINT

### JURISDICTION

This action is brought pursuant to 42 U.S.C. §§1983 and 1988. Jurisdiction is based upon

28 U.S.C. §§1331 and 1343(1), (3) and (4) and the aforementioned statutory provisions. Plaintiff

further invokes the supplemental jurisdiction of this Court under 28 U.S.C. §1367(a) to

adjudicate claims arising under state law.

### VENUE

1.  Venue is appropriately laid in this Court pursuant to 28 U.S.C. §1391(b) in that the

actions complained of took place in Philadelphia, which is within the bounds of the Eastern

District, and Defendants carry on business within the Eastern District.

1

## PARTIES

2.      Plaintiff, Omar Rodriguez Fuentes (hereinafter, "Plaintiff"), is a citizen of the Commonwealth of Pennsylvania, and presently resides at 2311 N. 7th Street, Apt. #3, Philadelphia, PA 19133.

3.      Upon information and belief, at all times relevant to the instant Complaint, Defendant School District of the City of Philadelphia (hereinafter, "School District") was a public school district within the Commonwealth of Pennsylvania with a principal place of business at 440 North Broad Street, Suite 313, Philadelphia, PA 19130.  Defendant School District was established by an act of the General Assembly, Public School Code of 1949, Act of March 10, 1949, P.O. 30, as amended, Title 24 P.S. §§1-101 – 27-2702.  Defendant Philadelphia School District operated as an independent home rule school district under the First Class City Public Education Home Rule Act, Act of August 9, 1963, P.L. 643, as amended, Title 53 P.S. §§13201 – 13223.  Defendant Philadelphia School District acted as an agent of the Commonwealth of Pennsylvania for the sole purpose of administering its constitutional, statutory and contractual obligation to maintain and support a system of public education in the City of Philadelphia and at all times relevant to the instant Complaint was the public employer of Defendant School District Police Officer Ryan Smith.

4.      Upon information and belief, at all times relevant to the instant Complaint, Defendant School District Police Officer Ryan Smith (hereinafter, "Officer Smith") was a police officer with the School District of Philadelphia, Badge No. 2712, with a principal place of business at 440 North Broad Street, Philadelphia, PA 19130.  At all times relevant to the Complaint, Officer Smith was assigned to police Kensington Health & Sciences Academy, located at 2463 Emerald Street, Philadelphia, Pennsylvania, 19125.  At all times relevant to the Complaint, Officer Smith

was employed by the School District, acting in the course and scope of his employment and acting under the color of state law. He is being sued in his individual and official capacity.

## FACTUAL ALLEGATIONS

5. At all times relevant to the instant Complaint, Kensington Health & Sciences Academy was a public school within the School District of Philadelphia, located at 2463 Emerald Street, Philadelphia, Pennsylvania, 19125.

6. At all times relevant to the instant Complaint, Plaintiff was enrolled as a student at Kensington Business High School.

7. Plaintiff turned 18 on August 19, 2015.

8. On April 16, 2015, at approximately 2:30 p.m., Plaintiff was waiting outside the Kensington Health & Sciences Academy with his girlfriend, Angie Martinez, waiting for Angie Martinez's sister.

9. While Plaintiff was waiting, Angie Martinez became involved in an argument with another, unknown female. The argument escalated and led to a physical fight between Ms. Martinez and the unknown female.

10. A few minutes after the fight commenced, Officer Smith appeared on the scene and made an attempt to apparently stop Ms. Martinez and the unknown female from fighting.

11. At this time, Officer Smith violently grabbed Ms. Martinez by the neck and placed her in a chokehold grip to restrain her.

12. Upon observing that his then-girlfriend, Ms. Martinez was being violently restrained, Plaintiff approached Officer Smith and requested that he release Ms. Martinez from the chokehold.

13. In response, Officer Smith, without any verbal notice or warning, released Ms. Martinez, approached Plaintiff and attacked, struck, punched, bludgeoned, knocked him to the ground and thereafter kicked and stomped Plaintiff while he was on the ground.

14. Officer Smith's attack upon Plaintiff lasted approximately 30-40 seconds before he relented and ceased his assault.

15. As a result of Defendant Officer Smith's' actions, Plaintiff was caused to suffer contusions to his mandible, lacerations to his right hand and bruises to the areas of his torso, face and head.

16. Subsequently, Plaintiff was transported to the Temple, Episcopal Campus emergency Room.

17. On April 17, 2015, Officer Smith gave a false statement to Police Officer Caniolo. In his statement, Officer Smith states that he was breaking up a fight when Plaintiff approached him from behind, grabbed him, and punched him in the head. This statement was placed in a Complaint or Incident Report filed against Plaintiff.

18. Video footage of the incident depicts Plaintiff asking Officer Smith to stop choking his girlfriend, followed by Officer Smith approaching Plaintiff and attacking, striking, punching, bludgeoning, knocking him to the ground and thereafter kicking and stomping Plaintiff while he was on the ground. The footage also reveals that Plaintiff never made physical contact with Officer Smith.

19. At no time during the above-described encounter did Plaintiff threaten, attempt to physically attack or threaten Officer Smith or instigate the situation.

4

20. At the time of the incident, Plaintiff did not commit any offense against the ordinances of the City of Philadelphia, the laws of the Commonwealth of Pennsylvania, or the laws of the United States of America.

21. At the time of the incident, Plaintiff did not engage in any conduct that justified the actions of Officer Smith.

22. Officer Smith acted willfully, deliberately, maliciously or with reckless disregard of Plaintiff's constitutional and statutory rights.

23. Officer Smith engaged in the aforementioned conduct for the purpose of violating Plaintiff's constitutional rights by subjecting him to excessive force.

24. As a direct and proximate result of the illegal and unconstitutional actions of Officer Smith, Plaintiff sustained physical and psychological harm, substantial pain and suffering, all to his detriment and loss.

## COUNT I
## VIOLATION OF THE FOURTH AMENDMENT – USE OF EXCESSIVE FORCE
## PLAINTIFF VS. ALL DEFENDANTS

25. The allegations set forth in paragraphs 1 through 24 are incorporated herein by reference.

26. On or about April 16, 2015, Officer Smith, an employee of Defendant School District, did knowingly, intentionally, maliciously and recklessly subject Plaintiff to excessive force.

27. Defendants subjected Plaintiff to this deprivation of rights unreasonably, intentionally, wantonly, outrageously, and with conscious and reckless disregard for whether Plaintiff's rights would be violated by their actions.

28. The actions of Officer Smith exceeded the normal standards of decent conduct, and were willful, malicious, oppressive, outrageous, and unjustifiable. Therefore, punitive damages are necessary and appropriate.

29. As a direct and proximate result of all Defendants' actions, more particularly described above, Plaintiff's rights protected under the Fourth Amendment to be free from unreasonable search and seizure and to be free from the use of excessive force were violated, and Plaintiff suffered injury as a result.

30. Defendants subjected Plaintiff to these deprivations of rights unreasonably, intentionally, wantonly, outrageously, and with conscious and reckless disregard for whether Plaintiff's rights would be violated by their actions.

31. As a direct and proximate result of Defendants' conduct, Plaintiff suffered and continues to suffer deprivations of his rights, physical injuries, pain and suffering, emotional distress, and mental anguish, all to Plaintiff's great detriment and loss.

32. Solely as a result of Defendants' conduct, Plaintiff suffered substantial damages including the costs of this suit.

33. Plaintiff is entitled to attorney's fees and the cost of prosecution of this suit pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff requests that the Court find and determine, after trial by jury as appropriate, that Plaintiff suffered substantial and continuing injury as a result of deprivation of his civil and Constitutional rights, and otherwise wrongful conduct and award the following relief, as appropriate:

   i) a declaration that Defendants, jointly and severally, have violated Plaintiff's civil rights;

   ii) compensatory damages in excess of $150,000;

   iii) pre-judgment interest, attorneys' fees and costs;

   iv) punitive damages against Defendants; and,

v) such other legal and equitable relief as the Court deems just and proper.

## COUNT II
## VIOLATION OF THE FOURTEENTH AMENDMENT
## SUBSTANTIVE DUE PROESS
## PLAINTIFF VS. ALL DEFENDANTS

34. The allegations set forth in paragraphs 1 through 33 are incorporated herein by reference.

35. Defendants subjected Plaintiff to this deprivation of rights unreasonably, intentionally, wantonly, outrageously, and with conscious and reckless disregard for whether Plaintiff's rights would be violated by their actions.

36. As a direct and proximate result of Defendants' actions, more particularly described above, Plaintiff's substantive due process rights protected under the Fourteenth Amendment were violated and he suffered bodily injury.

37. As a direct and proximate result of Defendants' conduct, committed under color of state law, Defendants deprived Plaintiff of his right, privilege, and immunity under the laws and the Constitution of the United States; Plaintiff's right to equal protection of law. As a result, Plaintiff suffered and continues to suffer harm in violation of Plaintiff's rights under the laws and Constitution of the United States, in particular the Fourteenth Amendment.

38. As a direct and proximate result of the acts and omissions of all Defendants, Plaintiff endured pain and suffering, physical injuries and emotional harm, all to his detriment and loss.

WHEREFORE, Plaintiffs request that the Court find and determine, after trial by jury as appropriate, that Plaintiff suffered substantial and continuing injury as a result of deprivation of his civil and Constitutional rights, and otherwise wrongful conduct and award the following relief, as appropriate:

i) a declaration that Defendants, jointly and severally, have violated Plaintiff's civil rights;

ii)   compensatory damages in excess of $150,000;

iii)   pre-judgment interest, attorneys' fees and costs;

iv)   punitive damages against Defendants; and,

v)   such other legal and equitable relief as the Court deems just and proper.

## COUNT III
### FOURTEENTH AMENDMENT PROCEDURAL DUE PROCESS
### PLAINTIFF VS. ALL DEFENDANTS

39.   The allegations set forth in paragraphs 1 through 38 are incorporated herein by reference.

40.   Defendants subjected Plaintiff to this deprivation of rights unreasonably, intentionally, wantonly, outrageously, and with conscious and reckless disregard for whether Plaintiff's rights would be violated by their actions.

41.   As a direct and proximate result of Defendants' actions, more particularly described above, Plaintiff's procedural due process rights protected under the Fourteenth Amendment were violated and he suffered bodily injury.

42.   As a direct and proximate result of Defendants' conduct, committed under color of state law, Defendants deprived Plaintiff of his right, privilege, and immunity under the laws and the Constitution of the United States; Plaintiff's right to equal protection of law. As a result, Plaintiff suffered and continues to suffer harm in violation of Plaintiff's rights under the laws and Constitution of the United States, in particular the Fourteenth Amendment.

43.   As a direct and proximate result of the acts and omissions of all Defendants, Plaintiff endured pain and suffering, physical injuries and emotional harm, all to his detriment and loss.

WHEREFORE, Plaintiffs request that the Court find and determine, after trial by jury as appropriate, that Plaintiff suffered substantial and continuing injury as a result of deprivation of

his civil and Constitutional rights, and otherwise wrongful conduct and award the following relief, as appropriate:

    i)      a declaration that Defendants, jointly and severally, have violated Plaintiff's civil rights;

    ii)     compensatory damages in excess of $150,000;

    iii)    pre-judgment interest, attorneys' fees and costs;

    iv)    punitive damages Defendants; and,

    v)     such other legal and equitable relief as the Court deems just and proper.

## COUNT IV
## VIOLATION OF 42 U.S.C. § 1983: FAILURE TO PROPERLY TRAIN AND SUPERVISE
## PLAINTIFF VS. DEFENDANT SCHOOL DISTRICT

44. The allegations set forth in paragraphs 1 through 43 are incorporated herein by reference.

45. Defendant School District of Philadelphia has encouraged, tolerated, ratified and has been deliberately indifferent to the following patterns, practices and customs and to the needs for more or different training, supervision, investigation or discipline in the areas of:

    a.     The abuse of police powers, including but not limited to excessive force;

    b.     Police officers' use of their status as police officers to employ the use of excessive force or to achieve ends not reasonably related to their police duties; and

    c.     The failure of police officers to follow established policies, procedures, directive and instructions regarding the use of force as presented herein.

46. The School District of Philadelphia failed to properly sanction or discipline officers, who are aware of and subsequently conceal and/or aid and abet violations of constitutional rights of citizens by School District of Philadelphia Police Officers, thereby causing and encouraging

school police officers, including the defendant officer in this case, to violate the rights of citizens such as Plaintiff.

47. The School District of Philadelphia has been put on notice of its need to better hire and train its police officers as many officers have been exposed in the past to have been hired despite prior criminal convictions and for failing to conduct themselves adequately as police officers by failing to report and police violent activity occurring at schools.

48. In 2010, the School District sent out a directive to its police officers to divulge prior arrests in an acknowledgment of its failed hiring and screening practices.

49. Michael Lodise, a one-time and possibly current union president for School District police officers has publically noted the need for an upgrade in training and screening of police applicants.

50. As a direct and proximate result of the Defendant School District's policies, practices, customs, procedures, failure to train and supervise, which are more specifically described above, Plaintiff was injured as stated herein.

51. As a direct and proximate result of, or by virtue of an affirmative link or causal nexus thereto, the aforesaid acts, omissions, deliberate indifference, systemic deficiencies, policies, practices and customs of the Defendant School District, as more fully described above, Defendant School District violated Plaintiff's rights under the laws and Constitution of the United States, in particular the Fourth and Fourteenth Amendments.

52. Plaintiff is entitled to attorney's fees and costs of the prosecution of this suit pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiffs request that the Court find and determine, after trial by jury as appropriate, that Plaintiff suffered substantial and continuing injury as a result of deprivation of

his civil and Constitutional rights, and otherwise wrongful conduct and award the following relief, as appropriate:

i) a declaration that Defendants, jointly and severally, have violated Plaintiff's civil rights;

ii) compensatory damages in excess of $150,000;

iii) pre-judgment interest, attorneys' fees and costs;

iv) punitive damages against Defendants; and,

v) such other legal and equitable relief as the Court deems just and proper.

## COUNT V
### SUPPLEMENTAL STATE CLAIM
### NEGLIGENT HIRING, RETENTION, AND SUPERVISION
### PLAINTIFF VS. DEFENDANT SCHOOL DISTRICT

53. The allegations set forth in paragraphs 1 through 52 are incorporated herein by reference.

54. Defendant School District owed Plaintiff a duty to exercise reasonable care in the selection and training of its employees to protect others from a foreseeable risk of harm.

55. Upon information and belief, Defendant School District deviated from this standard of care by:

    a. Failing to exercise reasonable care in the selection and training of its employees, namely Defendant Officer Smith; and

    b. Failing to protect Plaintiff from the foreseeable risk of harm of abuse of police powers, including but not limited to excessive force and the use of employees' status as police officers to employ the use of excessive force or to achieve ends not reasonably related to their police duties.

56. The risk of harm to Plaintiff was reasonably foreseeable.

57.     As a direct and proximate cause of Defendant School District's conduct, Plaintiff has endured damages as stated throughout this Complaint.

58.     But for Defendant School District's breach and/or deviation from the applicable standard of care, Plaintiff would not have suffered the complained-of injuries.

WHEREFORE, Plaintiffs request that the Court find and determine, after trial by jury as appropriate, that Plaintiff suffered substantial and continuing injury as a result of deprivation of his civil and Constitutional rights, and otherwise wrongful conduct and award the following relief, as appropriate:

i)     a declaration that Defendants, jointly and severally, have violated Plaintiff's civil rights;

ii)    compensatory damages in excess of $150,000;

iii)   pre-judgment interest, attorneys' fees and costs;

iv)    punitive damages against Defendants; and,

v)     such other legal and equitable relief as the Court deems just and proper.

## JURY DEMAND

59. The allegations set forth in paragraphs 1 through 58 are incorporated herein by reference.

60. On all counts, facts and claims herein asserted, Plaintiff hereby demands a trial by jury.

                                            Respectfully submitted,

                                            **ROSS LEGAL PRACTICE, LLC**

                              BY:   /s/ Riley H. Ross III
                                       Riley H. Ross III, Esq.
                                       1500 JFK Blvd. Suite 1525
                                       Philadelphia, PA 19102
                                       (215) 587-7177 (office)
                                       (215) 587-0628 (fax)
Date:  August 18, 2017              rileyross@rosslegalpractice.com