**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| OMAR RODRIGUEZ FUENTES<br>324 East Ontario Street<br>Philadelphia, PA 19134 | |
| | **Civil Action No.:** 2:17-CV-3736 |
| VS. | JURY TRIAL DEMANDED |
| SCHOOL DISTRICT OF THE<br>CITY OF PHILADELPHIA<br>440 North Broad Street, Suite 313<br>Philadelphia, PA 19130-4015 | |
| and | |
| CARL W. HOLMES, JR.<br>Director, Office of School Safety<br>Individually and as a Police Officer for<br>the School District of Philadelphia,<br>440 North Broad Street, Suite 313<br>Philadelphia, PA 19130-4015 | |
| and | |
| SCHOOL DISTRICT POLICE OFFICER SMITH,<br>BADGE No. 2712<br>Individually and as a Police Officer for<br>the School District of Philadelphia,<br>440 North Broad Street, Suite 313<br>Philadelphia, PA 19130-4015 | |

## AMENDED COMPLAINT

## JURISDICTION

This action is brought pursuant to 42 U.S.C. §§1983 and 1988. Jurisdiction is based upon 28 U.S.C. §§1331 and 1343 and the aforementioned statutory provisions. Plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. §1367(a) to adjudicate any claims arising under state law.

## VENUE

1. Venue is appropriately laid in this Court pursuant to 28 U.S.C. §1391(b) in that the actions complained of took place in Philadelphia, which is within the bounds of the Eastern District, and Defendants carry on business within the Eastern District.

## PARTIES

2. Plaintiff, Omar Rodriguez Fuentes (hereinafter, "Plaintiff"), is a citizen of the Commonwealth of Pennsylvania, and presently resides at 2311 N. 7th Street, Apt. #3, Philadelphia, PA 19133.

3. Upon information and belief, at all times relevant to the instant Amended Complaint, Defendant School District of the City of Philadelphia (hereinafter, "School District") was a public school district within the Commonwealth of Pennsylvania with a principal place of business at 440 North Broad Street, Suite 313, Philadelphia, PA 19130. Defendant School District was established by an act of the General Assembly, Public School Code of 1949, Act of March 10, 1949, P.L. 30, as amended, Title 24 P.S. §§1-101 – 27-2702. Defendant Philadelphia School District operated as an independent home rule school district under the First Class City Public Education Home Rule Act, Act of August 9, 1963, P.L. 643, as amended, Title 53 P.S. §§13201 – 13223. Defendant Philadelphia School District acted as an agent of the Commonwealth of Pennsylvania for the sole purpose of administering its constitutional, statutory and contractual obligation to maintain and support a system of public education in the City of Philadelphia and at all times relevant to the instant Amended Complaint was the public employer of Defendant School District Police Officer Ryan Smith.

4. Upon information and belief, at all times relevant to the instant Amended Complaint, Defendant Carl W. Holmes, Jr. (hereinafter, "Director Holmes") was a police officer and Director of the School District's Office of School Safety ("OSS") with a principal place of business at 440 North Broad Street, Philadelphia, PA 19130. At all times relevant to the Amended Complaint, Director Holmes had supervisory power over the OSS, including its hiring, training, and retention of School District Police Officers. At all times relevant to the Amended Complaint, Director Holmes was employed by the School District, and acting under the color of state law. He is being sued in his individual and official capacity.

5. Upon information and belief, at all times relevant to the instant Amended Complaint, Defendant School District Police Officer Ryan Smith (hereinafter, "Officer Smith") was a police officer with the School District of Philadelphia, Badge No. 2712, with a principal place of business at 440 North Broad Street, Philadelphia, PA 19130. At all times relevant to the Amended Complaint, Officer Smith was assigned to police Kensington Health & Sciences Academy, located at 2463 Emerald Street, Philadelphia, Pennsylvania, 19125. At all times relevant to the Amended Complaint, Officer Smith was employed by the School District, and acting under the color of state law. He is being sued in his individual and official capacity.

## FACTUAL ALLEGATIONS

6. At all times relevant to the instant Amended Complaint, Kensington Health & Sciences Academy was a public school within the School District of Philadelphia, located at 2463 Emerald Street, Philadelphia, Pennsylvania, 19125.

7. At all times relevant to the instant Amended Complaint, Plaintiff was enrolled as a student at Kensington Business High School.

8. Plaintiff turned 18 on August 19, 2015.

## OFFICER SMITH'S ATTACK ON PLAINTIFF

9. On April 16, 2015, at approximately 2:30 p.m., Plaintiff was waiting outside the Kensington Health & Sciences Academy with his then-girlfriend, Angie Martinez, waiting for Angie Martinez's sister.

10. While Plaintiff was waiting, Angie Martinez became involved in an argument with another, unknown female. The argument escalated and led to a physical fight between Ms. Martinez and the unknown female.

11. A few minutes after the fight commenced, Officer Smith appeared on the scene and made an attempt to apparently stop Ms. Martinez and the unknown female from fighting.

12. At this time, Officer Smith violently grabbed Ms. Martinez by the neck and placed her in a chokehold grip to restrain her.

13. Upon observing that Ms. Martinez was being violently restrained, Plaintiff approached Officer Smith and requested that he release Ms. Martinez from the chokehold.

14. In response, Officer Smith, without any verbal notice or warning, released Ms. Martinez, approached Plaintiff and attacked, struck, punched, bludgeoned, knocked him to the ground and thereafter kicked and stomped Plaintiff while he was on the ground.

15. Officer Smith's attack upon Plaintiff lasted approximately 30-40 seconds before he relented and either ceased his assault, or was pulled away by others viewing the assault.

16. As a result of Defendant Officer Smith's actions, Plaintiff suffered contusions to his mandible, lacerations to his right hand and bruises to the areas of his torso, face and head.

17. Subsequently, Plaintiff was transported to the Temple University Episcopal Campus Emergency Room.

18. On April 17, 2015, Officer Smith gave a false statement to Philadelphia Police Officer Caniolo. In his statement, Officer Smith states that he was breaking up a fight when Plaintiff approached him from behind, grabbed him, and punched him in the head. This statement was placed in a Police Complaint or Incident Report filed against Plaintiff.

19. Unbeknownst to Officer Smith, video footage of the incident was taken. The video footage does not depict the events as described by Officer Smith.

20. Video footage of the incident depicts Plaintiff approaching Officer Smith with both hands in the air, saying, "Whoa, whoa, whoa!" Officer Smith then releases Ms. Martinez, and repeatedly punches Plaintiff in the face, knocking him to the ground. Office Smith then continues his attack on Plaintiff by striking, punching, kicking and stomping Plaintiff while he was on the ground. The footage also reveals that Plaintiff never made physical contact with Officer Smith.

21. At no time during the encounter did Plaintiff threaten, attempt to physically attack Officer Smith, or instigate the situation.

22. At the time of the incident, Plaintiff did not commit any offense against the ordinances of the City of Philadelphia, the laws of the Commonwealth of Pennsylvania, or the laws of the United States of America.

23. At the time of the incident, Plaintiff did not engage in any conduct that justified the actions of Officer Smith.

24. Officer Smith acted willfully, deliberately, maliciously or with reckless disregard of Plaintiff's constitutional and statutory rights.

25. Officer Smith engaged in the aforementioned conduct for the purpose of violating Plaintiff's constitutional rights by subjecting him to excessive force.

26. As a direct and proximate result of the illegal and unconstitutional actions of Officer Smith, Plaintiff sustained physical and psychological harm, substantial pain and suffering, all to his detriment and loss.

**THE SCHOOL DISTRICT PROVIDES INADEQUATE SCREENING TRAINING, DISCIPLINE AND SUPERVISION FOR ITS POLICE OFFICERS**

27. Prior to Officer Smith's attack of Plaintiff, Defendants School District and Director Holmes encouraged, tolerated, ratified, and/or had been deliberately indifferent to the following patterns, practices and customs and/or to the need for the implementation of some, more or different training, supervision, investigation and/or discipline in the areas of:

a. Assaulting individuals by using unnecessary force;

b. The use of unreasonable force and excessive force by School District Police Officers against individuals, including students;

c. The proper exercise of police powers, including but not limited to the unreasonable use of force, the excessive use of force against individuals and the appropriate choice of force to use;

d. The monitoring of School District Police Officers known to use unreasonable force and excessive force against individuals;

e. The hiring and/or retention of individuals with criminal records; current criminal charges, and/or currently under judicial supervision to serve as School District Police Officers;

f. The monitoring of School District Police Officers known to abuse police powers, including but not limited to providing false statements to Philadelphia Police;

g. The failure to identify, properly investigate and take remedial and/or disciplinary action against School District Police Officers who were the subject of prior and/or current civilian and/or internal complaints of misconduct;

h. The failure to take remedial and/or disciplinary action against School District Police Officers known to use unreasonable force and excessive force against individuals

i. The failure to take remedial and/or disciplinary action against School District Police Officers known to abuse police powers, including but not limited to providing false statements to Philadelphia Police;

j. Providing proper instruction and training to School District Police Officers with regards to the use of force;

k. Failing to establish proper policies, procedures, directives, and instructions regarding providing information to Philadelphia Police.

28. The School District has been put on notice of its need to better hire and train its Police Officers.

29. For example, a prior investigation of the School District revealed that many officers had been hired despite prior criminal convictions, despite exposure to disciplinary action for failing to conduct themselves adequately as School District Police Officers, and by failing to report and police violent activity occurring at schools.

30. The School District sent out a directive to its Police Officers to divulge prior arrests in an acknowledgment of its failed hiring and screening practices.

31. Michael Lodise, a one-time and possibly current union president for School District Police Officers, has publically noted the need for an upgrade in training and screening of police applicants. This upgrade has not occurred.

32. As a direct and proximate result of the Defendants School District and Director Holmes' policies, practices, customs, procedures, failure to train and supervise, Plaintiff was injured as stated herein.

33. As a direct and proximate result of, or by virtue of an affirmative link or causal nexus thereto, the aforesaid acts, omissions, deliberate indifference, systemic deficiencies, policies, practices and customs of the Defendants School District and Director Holmes, as more fully described above, Defendants School District and Director Holmes violated Plaintiff's rights

under the laws and Constitution of the United States, in particular the Fourth and Fourteenth Amendments.

**<u>COUNT I - FEDERAL CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. § 1983</u>**
**USE OF EXCESSIVE FORCE**
**PLAINTIFF VS. OFFICER SMITH**

34. The allegations set forth in paragraphs 1 through 33 are incorporated herein by reference.

35. On or about April 16, 2015, Officer Smith, an employee of Defendant School District, did knowingly, intentionally, maliciously and recklessly subject Plaintiff to excessive force.

36. Officer Smith utilized excessive force by employing the following conduct toward Plaintiff:

a. Failing to properly assess the situation as it was occurring in real time;
b. Violently grabbing Ms. Martinez by the neck and placing her in a chokehold grip;
c. Attacking, striking, punching, bludgeoning, knocking Plaintiff to the ground; and
d. Kicking and stomping Plaintiff while he was on the ground, unarmed, and posing no threat to Officer Smith or the public.

37. Officer Smith subjected Plaintiff to this deprivation of rights unreasonably, intentionally, wantonly, outrageously, and with conscious and reckless disregard for whether Plaintiff's rights would be violated by their actions.

38. The actions of Officer Smith exceeded the normal standards of decent conduct, and were willful, malicious, oppressive, outrageous, and unjustifiable. Therefore, punitive damages are necessary and appropriate.

39. As a direct and proximate result of Officer Smith's actions, more particularly described above, Plaintiff's rights protected under the Fourth and Fourteenth Amendments to be free from

unreasonable search and seizure and to be free from the use of excessive force were violated, and Plaintiff suffered injury as a result.

40. Officer Smith subjected Plaintiff to these deprivations of rights unreasonably, intentionally, wantonly, outrageously, and with conscious and reckless disregard for whether Plaintiff's rights would be violated by their actions.

41. As a direct and proximate result of Defendants' conduct, Plaintiff suffered and continues to suffer deprivations of his rights, physical injuries, pain and suffering, emotional distress, and mental anguish, all to Plaintiff's great detriment and loss.

42. As a result of Officer Smith's conduct, Plaintiff suffered substantial damages including the costs of this suit.

43. Plaintiff is entitled to attorney's fees and the cost of prosecution of this suit pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff requests that the Court find and determine, after trial by jury as appropriate, that Plaintiff suffered substantial and continuing injury as a result of deprivation of his civil and Constitutional rights, and otherwise wrongful conduct and award the following relief, as appropriate:

i) a declaration that Defendants, jointly and severally, have violated Plaintiff's civil rights;

ii) compensatory damages;

iii) pre-judgment interest, attorneys' fees and costs;

iv) punitive damages against Defendants; and,

v) such other legal and equitable relief as the Court deems just and proper.

## COUNT II – FEDERAL CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. § 1983
## USE OF EXCESSIVE FORCE
## PLAINTIFF VS. DEFENDANTS SCHOOL DISTRICT AND DIRECTOR HOLMES

44. The allegations set forth in paragraphs 1 through 43 are incorporated herein by reference.

45. Other School District Police Officers have had prior violations, which the School District and more specifically, Director Holmes, failed to sanction, discipline, or otherwise address, that led to Officer Smith and other School District Police Officers to believe that his conduct was acceptable, and ultimately constitutes a policy and/or custom of the School District.

46. Plaintiff's injuries and damages were a direct and proximate result of Defendants School District and Director Holmes' encouragement, toleration, ratification, and/or deliberate indifference to prior violations committed by School District Police Officers.

47. Defendants School District and Director Holmes' encouragement, toleration, ratification, and/or deliberate indifference to prior violations committed by School District Police Officers and their subsequent failure to sanction, discipline, and otherwise address violations of their policies is a direct and proximate cause of Officer Smith's use of excessive force upon Plaintiff.

48. Defendants School District and Director Holmes subjected Plaintiff to this deprivation of rights unreasonably, intentionally, wantonly, outrageously, and with conscious and reckless disregard for whether Plaintiff's rights would be violated by their actions.

49. As a direct and proximate result of Defendants' actions, more particularly described above, Plaintiff's rights protected under the Fourth and Fourteenth amendments were violated.

50. As a direct and proximate result of the acts and omissions of all Defendants, Plaintiff endured pain and suffering, physical injuries and emotional harm, all to his detriment and loss.

WHEREFORE, Plaintiffs request that the Court find and determine, after trial by jury as appropriate, that Plaintiff suffered substantial and continuing injury as a result of deprivation of

his civil and Constitutional rights, and otherwise wrongful conduct and award the following relief, as appropriate:

i) a declaration that Defendants, jointly and severally, have violated Plaintiff's civil rights;

ii) compensatory damages;

iii) pre-judgment interest, attorneys' fees and costs;

iv) punitive damages against Defendants; and,

v) such other legal and equitable relief as the Court deems just and proper.

**COUNT III – FEDERAL CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. § 1983**
**FOURTEENTH AMENDMENT PROCEDURAL DUE PROCESS**
**PLAINTIFF VS. OFFICER SMITH**

51. The allegations set forth in paragraphs 1 through 50 are incorporated herein by reference.

52. Officer Smith gave false statements to Philadelphia Police about Plaintiff in which he alleges that he was breaking up a fight when Plaintiff approached him from behind, grabbed him, and punched him in the head. Officer Smith's statement was placed in a Police Complaint or Incident Report filed against Plaintiff.

53. Upon information and belief, Plaintiff has been deprived of his right to due process of law through the initiation of a criminal Complaint against him based on false statements and/or the issuance of a warrant and/or some criminal adjudication.

54. As a result, Plaintiff suffered and continues to suffer loss of reputation, scorn of the community, emotional harm, the potential of exposure to criminal prosecution, and harm in violation of Plaintiff's rights under the laws and Constitution of the United States, in particular the Fourteenth Amendment.

WHEREFORE, Plaintiffs request that the Court find and determine, after trial by jury as appropriate, that Plaintiff suffered substantial and continuing injury as a result of deprivation of his civil and Constitutional rights, and otherwise wrongful conduct and award the following relief, as appropriate:

i) a declaration that Defendants, jointly and severally, have violated Plaintiff's civil rights;

ii) compensatory damages;

iii) pre-judgment interest, attorneys' fees and costs;

iv) punitive damages Defendants; and,

v) such other legal and equitable relief as the Court deems just and proper.

**COUNT IV – FEDERAL CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. § 1983**
**FOURTEENTH AMENDMENT PROCEDURAL DUE PROCESS**
**PLAINTIFF VS. DEFENDANTS SCHOOL DISTRICT AND DIRECTOR HOLMES**

55. The allegations set forth in paragraphs 1 through 54 are incorporated herein by reference.

56. Other School District Police Officers have had prior violations, which the School District and more specifically, Director Holmes, failed to sanction, discipline, or otherwise address, that led to Officer Smith and other School District Police Officers to believe that his conduct was acceptable, and ultimately constitutes a policy and/or custom of the School District.

57. Plaintiff's injuries and damages were a direct and proximate result of Defendants School District and Director Holmes' encouragement, toleration, ratification, and/or deliberate indifference to prior violations committed by School District Police Officers.

58. Defendants School District and Director Holmes' encouragement, toleration, ratification, and/or deliberate indifference to prior violations committed by School District Police Officers and their subsequent failure to sanction, discipline, and otherwise address violations of their

policies is a direct and proximate cause of Officer Smith's initiation of criminal process against Plaintiff based upon false statements.

59. Defendants School District and Director Holmes subjected Plaintiff to this deprivation of rights unreasonably, intentionally, wantonly, outrageously, and with conscious and reckless disregard for whether Plaintiff's rights would be violated by their actions.

60. As a direct and proximate result Defendants School District and Director Holmes' actions, more particularly described above, Plaintiff's rights protected under the Fourteenth amendment was violated.

61. As a direct and proximate result of the acts and omissions of Defendants School District and Director Holmes, Plaintiff endured loss of reputation, scorn of the community, emotional harm, and potential exposure to criminal prosecution, all to his detriment and loss.

WHEREFORE, Plaintiffs request that the Court find and determine, after trial by jury as appropriate, that Plaintiff suffered substantial and continuing injury as a result of deprivation of his civil and Constitutional rights, and otherwise wrongful conduct and award the following relief, as appropriate:

i) a declaration that Defendants, jointly and severally, have violated Plaintiff's civil rights;

ii) compensatory damages;

iii) pre-judgment interest, attorneys' fees and costs;

iv) punitive damages Defendants; and,

v) such other legal and equitable relief as the Court deems just and proper.

## COUNT V – FEDERAL CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. § 1983 FAILURE TO ADEQUATELY SCREEN, TRAIN, AND SUPERVISE PLAINTIFF VS. DEFENDANTS SCHOOL DISTRICT AND DIRECTOR HOLMES

62. The allegations set forth in paragraphs 1 through 61 are incorporated herein by reference.

63. Upon information and belief, Defendants School District and Director Holmes provide four weeks of training to newly commissioned School District Police Officers, and approximately twenty-four (24) hours of continuing education per each subsequent academic year.

64. Plaintiff's injuries and damages were a direct and proximate result of Defendants School District and Director Holmes' encouragement, toleration, ratification, and/or deliberate indifference to the patterns, practices and customs and/or to the need for the implementation of some, more or different training, supervision, investigation and/or discipline in the areas of:

a. The abuse of police powers, including but not limited to the use of excessive force;
b. Police Officers' use of their status as Police Officers to employ the use of excessive force or to achieve ends not reasonably related to their police duties; and
c. The failure of Police Officers to follow established policies, procedures, directive and instructions regarding the use of force as presented herein; and
d. All other areas previously mentioned herein.

65. The actions of Officer Smith resulted from and were taken pursuant to the patterns, practices and customs of Defendants School District and Director Holmes, and/or the need for the implementation of some, more or different training, supervision, investigation and/or discipline by Defendants School District and Director Holmes, in the areas outlined above.

66. Defendants School District and Director Holmes approved and condoned the actions and procedures implemented and enforced by their individual Police Officers in this case and others.

67. Defendants School District and Director Holmes failed to adequately screen Officer Smith prior to commissioning him as a School District Police Officer.

68. Defendants School District and Director Holmes failed to properly sanction or discipline officers who are aware of and subsequently conceal and/or aid and abet violations of constitutional rights of citizens by other School District Police Officers. These failures caused and encouraged School District Police Officers, including the Officer Smith, to violate the rights of citizens such as Plaintiff.

69. As a direct and proximate result of Defendants School District and Director Holmes' policies, practices, customs, procedures, failure to train and supervise, which are more specifically described above, Plaintiff was injured as stated herein.

70. As a direct and proximate result of, or by virtue of an affirmative link or causal nexus thereto, the aforesaid acts, omissions, deliberate indifference, systemic deficiencies, policies, practices and customs of the Defendants School District and Director Holmes, as more fully described above, Defendants School District and Director Holmes violated Plaintiff's rights under the laws and Constitution of the United States, in particular the Fourth and Fourteenth Amendments.

71. Plaintiff is entitled to attorney's fees and costs of the prosecution of this suit pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiffs request that the Court find and determine, after trial by jury as appropriate, that Plaintiff suffered substantial and continuing injury as a result of deprivation of

his civil and Constitutional rights, and otherwise wrongful conduct and award the following relief, as appropriate:

i) a declaration that Defendants, jointly and severally, have violated Plaintiff's civil rights;

ii) compensatory damages;

iii) pre-judgment interest, attorneys' fees and costs;

iv) punitive damages against Defendants; and,

v) such other legal and equitable relief as the Court deems just and proper.

**JURY DEMAND**

72. The allegations set forth in paragraphs 1 through 71 are incorporated herein by reference.

73. On all counts, facts and claims herein asserted, Plaintiff hereby demands a trial by jury.

Respectfully submitted,

**ROSS LEGAL PRACTICE, LLC**

BY: /s/ Riley H. Ross III

Riley H. Ross III, Esq.
1500 JFK Blvd. Suite 1525
Philadelphia, PA 19102
(215) 587-7177 (office)
(215) 587-0628 (fax)
rileyross@rosslegalpractice.com

Date: November 20, 2017